**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Tilted Kilt Franchise Operating LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Jeremy Helper; Bakersfield Kilt, Inc., ) <br> ) <br> Defendants. ) <br> ) <br> ) | No.   CV10-1951-PHX-DGC <br><br> **ORDER** |

Defendants move to dismiss for failure to state a claim and lack of personal jurisdiction, and in the alternative for change of venue. Doc. 7. Plaintiff opposes. Doc. 14. The motions have been fully briefed.[1] Docs. 7, 14, 15. For the reasons stated below, the Court will deny the motions.

On August 9, 2010, Plaintiff filed an action in Arizona Superior Court for the County of Maricopa alleging claims of fraud, breach of two contracts, and indemnification. Doc. 1-1. Defendants removed to this Court (Doc. 1), and now seek dismissal or, in the alternative, venue transfer (Doc. 7). Defendant Helper resides in California, and Defendant Bakersfield Kilt, Inc. is a California corporation with its principal place of business in Bakersfield, California. Doc. 7 at 2. Plaintiff is a Limited Liability Company organized in Wyoming, with its principal place of business in Tempe, Arizona. Doc. 1-1 at 2.

---

[1] Defendants' request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1  Defendants argue that this Court has no personal jurisdiction over them, and that the complaint violates Rule 8(a)(1) by failing to contain a valid statement of personal jurisdiction. Doc. 7 at 11. Plaintiff asserts that Defendants consented to jurisdiction in the franchise agreement signed by Plaintiff and Defendant Helper.[2] Doc. 14 at 2-4. Defendants reply by arguing that the Arizona forum selection clause in the franchise agreement is superseded by California law, thereby voiding consent. *E.g.*, Doc. 15 at 1. The Court disagrees. The franchise agreement expressly states, in addition to setting the venue to Phoenix, Arizona, that "each party waives any objection they may have to the personal jurisdiction of . . . state and federal courts of Arizona." Doc. 1-2 at 11. Moreover, Cal. Bus. & Prof. Code § 20040.5, cited by Defendants, addresses venue, not personal jurisdiction. Finally, Defendants have not made the requisite showing of unconscionability with regard to the personal jurisdiction provision of the agreement. Accordingly, the Court can exercise personal jurisdiction over Defendants.

Defendants also argue that venue is not proper in this Court because California law prohibits non-California venue-selection clauses in claims "arising under or relating to a franchise agreement involving a franchise business operating within [California]," § 20040.5. Doc. 15 at 5. Plaintiff asserts that venue is proper in Arizona under either 28 U.S.C. §§ 1441(a) or 1391, independent of the forum selection clause. Doc. 14 at 5-9. The Court agrees. In this case, § 20040.5 would appear to void the venue-restriction clause of the franchise agreement. *See Jones v. GNC Franchising*, 211 F.3d 495, 497-98 (9th Cir. 2000). Nonetheless, venue is still proper in this Court under § 1441(a) because the case was removed by Defendants to this Court. 28 U.S.C. § 1441(a); *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953) ("[t]he venue of removed actions is governed by 28 U.S.C. [§] 1441(a)").

---

[2] Defendants do not argue that Defendant Bakersfield Kilt, Inc. is not bound by the franchise agreement.

- 2 -

Lastly, Defendants urge for a transfer of venue.[3] A district court may transfer a case to another federal district pursuant to 28 U.S.C. § 1404(a) in the interest of justice or for the convenience of the parties or witnesses. In exercising its discretion, the court may consider:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498-99. The presence of a forum selection clause and the public policy of the forum state are also significant factors. *Id.* at 499. Defendants, as the moving parties, have the burden to show that transfer is proper. *See id.* (holding that the district court "did not abuse its discretion in denying the motion to transfer venue under § 1404(a)" because the defendant had "failed to meet its burden of showing that Pennsylvania was the more appropriate forum for the action").

Plaintiff commenced this action in Arizona. Defendant also concedes that the franchise agreement was executed in Arizona when Defendant Helper traveled from California to sign the agreement in Plaintiff's Tempe office. Doc. 15 at 5. Moreover, the forum's interest in adjudicating this matter – the forum here being Arizona – is strongest when one of its residents allegedly suffers harm. *See Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d. 48, 52 (D.D.C. 2000). Finally, in their motion to transfer Defendants offer little more than conclusory statements alleging that most witnesses and evidence are located in California.[4] In light of the totality of circumstances, Defendants have not made an adequate

---

[3] Though Defendants request transfer under 28 U.S.C. § 1406(a) (Doc. 7 at 9), this is not a situation where the case was brought in the wrong district. The Court will treat the request as having been made under § 1404(a) because Defendants also reference § 1404(a) (Doc. 7 at 12:11).

[4] In their reply, however, Defendants argue that it would be a hardship for Defendant Helper to appear at trial in Arizona because of business and family commitments. Doc. 15 at 5. They also provide a list of potential witnesses who are or may be in California. Doc. 15-1 at 7-9. Arguments made for the first time in a reply brief are untimely, and the

- 3 -

1  showing that transfer is proper. Accordingly, the motion to transfer will be denied.

2  **IT IS ORDERED** that Defendants' motions to dismiss and transfer venue (Doc. 7)
3  are **denied**.

4  DATED this 9th day of December, 2010.

David G. Campbell
United States District Judge

---

Court will disregard them. *See, e.g., Delgadillo v. Woodford*, 527 F.3d 919, 930 n.4 (9th Cir. 2008).

- 4 -