**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tilted Kilt Franchise Operating, LLC,<br><br>            Plaintiff/Counterdefendant,<br><br>vs.<br><br>Jeremy Helper; and Bakersfield Kilt, Inc.,<br><br>            Defendants/Counterclaimants | No. CV-10-1951-PHX-DGC<br><br>**ORDER** |

Plaintiff has filed a motion to dismiss counts one and four of the counterclaim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 22. The motion is fully briefed. Docs. 36, 38. For reasons stated below, the motion will be granted.[1]

**I.     Rule 12(b)(6) Standard.**

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations "'are taken as true and construed in the light most favorable to the nonmoving party.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted). To avoid a Rule 12(b)(6) dismissal, the counterclaim must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[1] Defendants' request for oral argument is denied because the issues are fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

**II.   Count One.**

Count one of the counterclaim asserts violations of the California Franchise Investment Law ("CFIL"), Cal. Corp. Code §§ 31000 et seq., specifically, sections 31110, 31119, and 31201. Doc. 20 at 17, ¶¶ 42-49. The Court will address each alleged violation separately.

**A.   CFIL § 31110.**

Section 31110 "prohibits the [offer or] sale of franchises 'unless the offer has been registered'" with the California Department of Corporations ("CDC"). *Samica Enters., LLC v. Mail Boxes Etc. USA, Inc.*, 637 F. Supp. 2d 712, 725 (C.D. Cal. 2008) (citation omitted). Defendants became interested in a Tilted Kilt franchise in the summer of 2007, and the parties entered into a franchise agreement on September 14, 2007. Doc. 20 at 13, ¶¶ 7, 10. Plaintiff has presented undisputed evidence showing that during this time period – that is, when Plaintiff offered and sold a franchise to Defendants – Plaintiff was in full compliance with the registration requirement in CFIL § 31110. Specifically, Plaintiff has presented an order from the CDC, dated May 18, 2007 (the "CDC order"), showing that Plaintiff had registered its "offer and sale of franchises" with the CDC and the registration period was valid for one year from April 20, 2007. Doc. 22-1.[2]

The facts contained in the CDC order properly are the subject of judicial notice given that the order is an official public document "capable of accurate and ready determination" and "not subject to reasonable dispute." Fed. R. Evid. 201(b); *see Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (finding it appropriate to take judicial notice of information made publicly available on government websites where the authenticity of the information was not challenged) (citing Fed. R. Evid. 201)); *Robinson v. Heritage Elementary Sch.*, No. CV-09-0541-PHX-LOA, 2009

---

[2]The CDC order is available on the Internet by visiting the CDC's electronic access website, http://134.186.208.228/caleasi/pub/exsearch.htm, entering Plaintiff's name in the "Company Name" box and clicking the "Search" button, clicking on the Package No. "239909" link (04/20/2007 Franchise Application), and then clicking on the 5/18/2007 "Order" link. *See* http://134.186.208.228/caleasi/PDFDocs/004816090.PDF.

WL 1578313, at *1 n.3 (D. Ariz. June 3, 2009) (taking judicial notice of public records filed with the Arizona Corporation Commission and made available on its website). Because the Court may take judicial notice of the CDC order, the Court may consider the order in ruling on the motion to dismiss. *See N.M. State Inv. Council v. Ernst & Young LLP*, --- F.3d ----, 2011 WL 1419642, at *3 (9th Cir. Apr. 14, 2011) (matters of judicial notice may be considered in deciding a Rule 12(b)(6) motion). Stated differently, because the CDC order is a matter properly subject to judicial notice, the Court is not "required to accept as true allegations that contradict" the order. *Daniels-Hall*, 629 F.3d at 998.

The counterclaim alleges that Plaintiff violated CFIL § 31110 by offering and selling the franchise to Defendants prior to registering the offer of franchises (Doc. 20 at 17, ¶¶ 44, 47, 49), but those allegations are squarely contradicted by the express terms of the CDC order. The order shows that Plaintiff's offer of franchises was validly registered with the CDC when Plaintiff offered and sold the franchise to Defendants. Doc. 22-1 at 2; *see* Doc. 20 at 13, ¶¶ 7, 10. The Court will dismiss the portion of count one asserting a violation of CFIL § 31110.

**B.    CFIL § 31119.**

Section 31119 "requires that a prospective franchisee be provided with an 'offering circular' and a copy of the contract at least [14] days prior to the execution of a written franchise agreement or receipt of any consideration." *People ex rel. Dep't of Corps. v. SpeeDee Oil Change Sys., Inc.*, 95 Cal. App. 4th 709, 720 (Ct. App. 2002). In the closing acknowledgment Defendant Helper signed, he acknowledges having received the franchise offering circular on August 8, 2007 (Doc. 1-2 at 24), more than 14 days before the parties executed the franchise agreement. A copy of the franchise agreement was attached as an exhibit to the offering circular. Doc. 7-1 at 48. Defendants note that Helper was given a copy of the franchise agreement on September 4, 2007, less than 14 days before the agreement was executed (*see* Docs. 1-2 at 37, 36-1 at 1), but do

not dispute that a copy of the agreement was provided earlier as required by § 31119. *See* Doc. 36 at 2. The Court will dismiss the portion of count one asserting a violation of CFIL § 31119.[3]

### C.     CFIL § 31201.

Section 31201 prohibits "the making of any untrue statement of material fact or omission of material fact during the offer or sale of a franchise[.]" *Juarez v. Jani-King of Cal., Inc.*, --- F.R.D. ----, 2011 WL 835196, at *3 (N.D. Cal. Mar. 4, 2011). Pursuant to CFIL § 31301, a cause of action for damages may be brought against the violator of § 31201 where the claimant relied on the misrepresentation or omission. *See Cal. Bagel Co. v. Am. Bagel Co.*, No. CV 97-8863 MMM (MANx), 2000 WL 35798199, at *15 (C.D. Cal. June 7, 2000).

Plaintiff argues that the claim for an alleged violation of § 31201 is time barred on its face. Doc. 22 at 6. The Court agrees.

A claim brought under § 31301, including one for an alleged violation of § 31201, is governed by a maximum two-year limitations period. *See Samica*, 637 F. Supp. 2d at 724 (citing CFIL § 31304). This period is "absolute" and "not subject to tolling." *G.C. & K.B. Invs., Inc. v. Komarczyk*, No. C-05-3333 MMC, 2006 WL 194268, at *3 (N.D. Cal. Jan. 23, 2006) (citing *SpeeDee Oil*, 95 Cal. App. 4th at 724-27). A claim for violations of § 31201, therefore, must be brought within two years of the execution of the franchise agreement. *See SpeeDee Oil*, 95 Cal. App. 4th at 725-26.

The parties executed their franchise agreement on September 14, 2007. Doc. 20 at 13, ¶ 10. Given the two-year limitation period, any claim for an alleged violation

---

[3]Because the closing acknowledgement is central to the claim under § 31119, and because its authenticity is not contested, the Court properly may consider the document in deciding the motion to dismiss. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (explaining how this Circuit has "extended the 'incorporation by reference' doctrine"); *Williams v. Life's Rad*, No. C 10-0086 SBA, 2010 WL 5481762, at *4 & n.3 (N.D. Cal. May 12, 2010) (considering written agreement and terms of service on motion to dismiss where they were central to the claim and no objection to their authenticity was raised).

- 4 -

of § 31201 needed to be brought by September 14, 2009. Defendants filed their counterclaim on January 6, 2011 (Doc. 20), more than a year late.

A statute of limitations defense may be raised in a Rule 12(b)(6) motion where the defense appears from the face of the pleading, *see Jones v. Block*, 549 U.S. 199, 215 (2007), or where the defense raises no disputed issue of fact, *see Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). Because the counterclaim alleges the accrual date for a claim under § 31201, that is, the September 14, 2007 execution of the franchise agreement (Doc. 20 at 13, ¶ 10), the statute of limitations defense raised by Plaintiff is clear from the face of the counterclaim. Defendants assert that Plaintiff made misrepresentations in its offering circular and the franchise agreement (Doc. 36 at 2), but do not demonstrate an issue of fact as to the limitations defense. The Court therefore will dismiss the portion of count one asserting a violation of § 31201. *See G.C. & K.B. Invs.*, 2006 WL 194268, at *3 (dismissing CFIL claims as time barred).

### III.    Count Four.

Count four asserts violations of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17203. Doc. 20 at 21, ¶¶ 80-85. Defendant does not dispute that the alleged violations of the unfair competition law are derivative of the claims asserted in count one. *See id.* ¶¶ 83-85; *see also Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*, 544 F. Supp. 2d 949, 960 (N.D. Cal. 2008) (an unfair competition claim "is a derivative claim, in that it provides restitution or other equitable remedies, but only if defendant violated some *other* law"). Because count one fails to state a claim to relief, the Court will grant the motion to dismiss with respect to the derivative claim asserted in count four. *See Samica*, 637 F. Supp. 2d at 727-28 (dismissing unfair competition claim based on a deficient CFIL claim).

### IV.    Defendants' Argument that Dismissal Would Be Premature.

Citing Rule 12(d), Defendants argue that dismissal would be premature because parties should be able to conduct discovery and provide all evidence pertinent to a motion

to dismiss before it is decided. Doc. 36 at 1. As explained more fully above, however, the evidence considered by the Court properly may be considered in deciding Plaintiff's Rule 12(b)(6) motion. Defendants to not contend otherwise. Defendants assert generally that "further evidence will be developed concerning Plaintiff's misrepresentations and violations of California statutes" (Doc. 36 at 1), but fail to identify the nature and source of any such evidence. Nor do Defendants articulate a legitimate basis to delay ruling on the motion to dismiss or to convert the motion to one for summary judgment. A ruling on Plaintiff's motion to dismiss is not premature.

**IT IS ORDERED** that Plaintiff's motion to dismiss counts one and four of the counterclaim (Doc. 22) is **granted**.

Dated this 22nd day of April, 2011.

_David G. Campbell_
David G. Campbell
United States District Judge